Judge Owsley
delivered the Opinion of the Court,
Harrison hired of Murrell two negroes, for the term of one year, at the price of one hundred and sixty dollars, and covenanted to pay the same oh or before the 2Sth day of December, 1820. The negroes had not been in the possession of Harrison but little more than one month, before one of them died, and afta^he money agreed to be paid for the hire, becam^R^able, suit was brought by Murrell, upon the coyHBt, and .judgment recovered against Harrison for We full .amount of the stipulated hire.
Injunction and decree of the circuit court.
One to whom a slave is hired for a year, is entitled to no abatement of the price, because of the death of the slave, after the co"mmencement of the term.
.Lessee is bound for the rent of houses &c. notwithstanding their destruction by accident.
Harrison then exhibited his bill in equity, with injunction against the judgment at law, for the purpose of obtaining a deduction from the amount recovered on account of the death of one of the negroes before the expiration of the term for which he was hired. The circuit court was of opinion that no deduction ought to be made, and decreed a dissolution of the injunction and a dismissal of the bill.
The principle is not perceived upon which Harrison can be relieved from any part of the hire which he covenanted to pay for the negroes. Though it may at the first blush, seem hard that Harrison should be compelled to pay hire for the negro which died before the expiration of the term for which he was hired, it will, on moré mature reflection, be found not to be unjust in Murrell to exact the full hire of the negro. The uncertainty of the negro’s life was equally well known to both Harrison and Murrell, when the contract for the hire was entered into between them. W ith that knowledge, it was competent for them to contract in the way most acceptable to themselves, and when fairly made, the court possesses no power to alter or change the import of their contract. By the contract, Harrison expressly stipulated to pay the hire, and however hard it may seem to be upon him to have to pay hire for a negro after he is dead, the hardship, if any, was brought upon him by his own voluntary and lawful undertaking, and of course he can have no claims upon the justice or equity of the court. “
It is not to be expected that any case, precisely in point, is to be found in the English chancery reports, slavery not being tolerated in that country. But analagous cases are‘not wanting, in which the principle that we suppose, forbids relief in this case, has been adopted and repeatedly acted upon by the courts of chancery in that country. The cases to which we allude, are ilJH»vherein the tenant has been held bound to pajS^ft, though the premises demised were destroyed*^ inevitable casualty; see Carter vs. Cummins, 1 Ch. Cas. 83; 2 Vernon 280; *361 1 Fonb. E. 378-9, arid the authorities there cited. Between the case of rent for demised premises, and that of the hire of negroes, there is a striking analogy. In the one case the rent is reserved as a compensation for the use of the premises demised, arid in the other case, the hire is nothing more than a 'compensation for the services of the negroes. The principle, therefore, that forbids courts of equity from relieving the tenant from the payment of rent, where the demised premises is destroyed by casualty, emphatically forbids relief against the hire of a negro, which may have died before the expiration of the term for which he was hired. In neither case, wilf ’fcourts of equity interpose to relieve either party from their express undertaking, fairly and lawfully made.
Dictum ol' Chancellor Taylor, 'of Virginia, in favor of the claim for deduction. in. the hire of a slave who dies within the term.
No abatement shall be made in the hire of a slave because of the sickness of the slave.
Mayes, for plaintiff.
Chancellor Taylor, of Virginia, in a case reported in 2 Hen. and Mun. 6, has, we know, expressed a different opinion in relation to the hire of a slave; but that opinion, though from a respectable source, is not binding upon this court, and cannot control the decision, which we think should, upon established principles of equity, be otherwise.
We would add, that the case of Redding vs. Hall &c. 1 Bibb 536, is, in principle, decisive against the claim of Harrison for relief. In that case the hirer of a slave was decided not to be entitled to an abatement in the sum agreed to be paid for the hire, on account of the sickness of the slave; and we are incapable of drawing a distinction, in principle, between a claim set up by the hirer of a slave, for loss of services by sickness, and a claim for loss of services by death of the slave.
The decree must be affirmed with cost,, and damages upon the damages decreed by the court below.